RESEARCH ASSOCIATES, INC. *v.* NEW HAVEN REDEVELOPMENT AGENCY

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 7—decided November 10, 1964

*Benjamin M. Chapnick,* for the appellant (plaintiff).

*Richard G. Bell,* for the appellee (defendant).

KING, C. J. The defendant, in eminent domain proceedings, took land and two tenement houses of the plaintiff for redevelopment purposes and assessed damages at $37,900. The plaintiff applied to the Superior Court for a review of the assessment, and the matter was referred to a state referee, all pursuant to General Statutes § 8-132. The referee found the land to have a value of $15,800 and the two tenement houses to be without value at the time of the taking. The court accepted the referee's report,[1] as amended, overruled the plaintiff's exceptions thereto, and rendered judgment thereon. From this judgment the plaintiff has taken this appeal.

The damages sustained in a taking by eminent domain are to be measured as of the date of the taking. *Colaluca* v. *Ives,* 150 Conn. 521, 531, 191 A.2d 340; *DelVecchio* v. *New Haven Redevelopment Agency,* 147 Conn. 362, 365, 161 A.2d 190. The referee fixed that date as September 17, 1962, which was the date on which the certificate of taking was recorded, as provided in General Statutes § 8-129. The plaintiff argues that the date of the taking was in fact somewhere "from August 1961 until December 1961". The basis of this most unusual contention is apparently a claim, unsupported by any allegations in the complaint, of a conspiracy between the defendant, on the one hand, and the New Haven board of health and the "city authorities", on the other, to drive the price of the plaintiff's land down by denying the plaintiff the building

---

[1] The referee failed to number the paragraphs of his report, which made very difficult reference to the report in exceptions and corrections. A report of a referee should be divided into numbered paragraphs, substantially in the manner of a court's finding.

permits necessary to repair the buildings and then condemning the premises, on December 29, 1961, as unfit for human occupation. The short answer is that the taking is alleged in the complaint to have been August 23, 1962. While the date apparently should have been September 17, 1962, there is no claim of any change in value between the two dates, and no basis in the pleadings for fixing the date of the taking between August and December 29, 1961.

Furthermore, there is nothing in the record to support the plaintiff's claim that the actions of the board of health and the "city authorities" were done in collaboration with the defendant, or that these actions were anything but a legitimate exercise of the police power. Indeed, no attempt was made to appeal from the action of the board of health in condemning the property as unfit for occupancy or from the action refusing the issuance of building permits.

Moreover, § 8-132 of the General Statutes provides for the appointment of a state referee to review an assessment of damages if the landowner claims to be aggrieved. Section 8-129 provides that, upon the recording of a certificate of taking, "title to such property in fee simple shall vest in the municipality, and the right to just compensation shall vest in the persons entitled thereto". Under this statutory procedure the state referee has authority to determine the value only at the date of the taking, and this date, at least in the absence of special equitable considerations, is fixed by § 8-129 as the date of the recording of the certificate. If the condemnee claims any other date as the true date of the taking, he should make this claim to the Superior Court prior to the entry of the order referring to a ref-

eree, for review, the defendant's assessment of damages. See cases such as *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463; *Water Commissioners* v. *Johnson,* 86 Conn. 151, 160, 84 A. 727.

The plaintiff also claims that the referee did not have authority to reduce the assessment of damages made by the defendant. Under § 8-132 of the General Statutes, in an application for the review of an assessment of damages made by a redevelopment agency, a state referee is given the power, after notice and hearing, to "revise" the assessment "in such manner as he deems proper". Obviously, these words permit, and indeed require, the referee to raise, lower or leave unchanged the assessment of damages as he finds proper under the law and the evidence before him. There is no ambiguity in the language, and no reason is apparent why the referee should be precluded from revising downward an assessment which he finds excessive.

In this case there is no dispute over the value of the land, which the referee found to be $15,800. The plaintiff does claim, however, that there was insufficient evidence to support the referee's finding that the tenement houses were without value at the time of the taking. The determination of the value of these buildings was a matter for the considered judgment of the referee, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties. *Benson* v. *North Haven,* 126 Conn. 506, 510, 12 A.2d 551; *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693; *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612.

Evidence before the referee fully justifying the finding that the buildings had no value as of the date

of the taking will be briefly summarized. The buildings and the land were purchased in 1957 for $20,000. On December 29, 1961, the New Haven board of health found one of the buildings so damaged, deteriorated, decayed and vermin infested that it condemned the building as unfit for human occupation. The president of the plaintiff corporation testified that prior to the act of condemnation the board of health had complained of the condition of the property, that there had been two serious fires on the premises prior to the date of the defendant's taking, that the plaintiff had not been able to obtain permits to repair the damage, and that the property had been subject to vandalism. The plaintiff's expert witness, Cataldo Massa, testified that only two families occupied any part of the premises in August, 1962, that they were paying no rent, and that rents had not been received from the property since December, 1961. The defendant's expert witness, A. Robert Parente, testified that he inspected the property in April, 1962, and at that time he considered the buildings to be without value. He again inspected the property in October, 1962, and still considered the buildings to be without value. There was ample evidence to support the referee's finding that the buildings were without value at the time of the taking. The claim that as matter of law the buildings must have had some value is unsound. Their very presence on the land might have been considered by a prospective purchaser as a liability and a detriment rather than an element of value.

The plaintiff also claimed that the referee should have used the reproduction method in determining the value of the buildings. This was not the method preferred by the plaintiff's own expert. Further-

more, no one method of valuation is controlling, and the referee may select the method most appropriate in a given case. *Moss* v. *New Haven Redevelopment Agency,* supra, 425; *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641.

The plaintiff claims that the referee erred in refusing to admit testimony regarding rents which the plaintiff claims were lost because the property was known to be in a redevelopment area. Error is also claimed in the referee's exclusion of evidence of the cost of architectural plans for proposed changes to the buildings. Such items are not elements of damage per se and are to be considered only in so far as they affect market value at the time of the taking. *Northeastern Gas Transmission Co.* v. *Ehrhorn,* 145 Conn. 83, 87, 139 A.2d 53; *Housing Authority* v. *Lustig,* 139 Conn. 73, 76, 90 A.2d 169; *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 688, 67 A.2d 851. Here, there was no claim, or attempt to show, that these items were related to market value or that they were a proximate consequence of the taking. The plaintiff has shown no error in these rulings.

There is no error.

In this opinion the other judges concurred.