JOSEPH FISHMAN *v.* URBAN REDEVELOPMENT COMMISSION OF THE CITY OF STAMFORD

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 4—decision released June 6, 1978

*John J. Graubard,* with whom, on the brief, was *Sydney C. Kweskin,* for the appellant (plaintiff).

*Robert M. Wechsler,* with whom, on the brief, was *James V. Minor,* for the appellee (defendant).

COTTER, J. Acting under § 8-129 of the General Statutes, the defendant, on December 13, 1966, filed with the clerk of the Superior Court at Stamford a statement of compensation in the amount of $17,500 as against the plaintiff, stating that the premises therein described were necessary for urban renewal purposes. The plaintiff thereupon brought an action for an injunction restraining the defendant from condemning his land for redevelopment. On February 9, 1967, the court denied the plaintiff's request for equitable relief, and, on appeal, this court on February 3, 1970, found no error. *Fishman* v. *Stamford,* 159 Conn. 116, 267 A.2d 443, cert. denied, 399 U.S. 905, 90 S. Ct. 2197, 26 L. Ed. 2d 560. Thereafter, on April 10, 1970, a certificate of taking of the plaintiff's property was recorded, which constituted a taking of the property as of that date pursuant to § 8-129. *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* 155 Conn. 397, 398, 233 A.2d 1. In August, 1972, upon the plaintiff's appeal to the Superior Court in the condemnation action, a judgment was rendered, directing that the statement of compensation be revised to reflect a fair market value of $65,900, from which no appeal was taken.

The present collateral proceeding was subsequently brought by the plaintiff, claiming interest from February 9, 1967, to April 10, 1970, on the award as revised. From a judgment for the defendant, the plaintiff has appealed to this court.

The plaintiff now claims that his property was actually taken in 1967 at the time his motion for a temporary injunction was denied, and thus he is entitled to interest on the award from that date.[1] Interestingly, the plaintiff does not suggest that the determination of damages sustained by the taking should have been measured as of this earlier "taking" date. See *Textron, Inc.* v. *Wood,* 167 Conn. 334, 345, 355 A.2d 307; *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 139, 204 A.2d 833. Under these circumstances, there is much to be said for the following observation contained in the defendant's brief: "The plaintiff is attempting to have, in effect, two taking dates, one of April 10, 1970 to assess damages and take advantage of the inflation in the Stamford real estate market and a second one to collect interest for almost three years."

Pursuant to statute, the date of the taking is the date on which the defendant recorded its certificate of taking, that is, April 10, 1970. General Statutes § 8-129; *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 103, 230 A.2d 9; *Waesche* v. *Redevelopment Agency,* 155 Conn. 44, 45, 229 A.2d 352. If, however, on the basis of special equitable considerations, the condemnee claims any other date as the true date of the taking, it is

---

[1] The plaintiff concedes that the defendant has paid him the full amount of the revised award, together with interest from April 10, 1970, but claims the defendant refuses to pay interest from February 9, 1967, through April 10, 1970.

incumbent upon him to present this claim to the Superior Court prior to the entry of the order referring to a referee, for review, the defendant's assessment of damages. *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* supra, 140, 141. "In that way, the court could then decide whether a different date should be fixed as the taking date, and, when the reference was made, the referee could assess the factors as they existed on the date set by the court as the actual taking date." *Stanley Works* v. *New Britain Redevelopment Agency,* supra, 103.

Although the plaintiff, in his appeal from the statement of compensation, failed to pursue such a course of action, the defendant, however, moved to have the court determine the "taking date" as February 1, 1967. Upon its denial of that motion, the court directed that the defendant's assessment be revised to reflect a fair market value of $65,900 which was determined as of the "taking date" of April 10, 1970.

Where there is no fault for delay on his part, a landowner is, of course, entitled to interest from the date of the taking to the date of payment. *E. & F. Construction Co.* v. *Ives,* 156 Conn. 416, 420–21, 242 A.2d 768; *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 212, 177 A.2d 673; 27 Am. Jur. 2d, Eminent Domain, §§ 297, 305; 3 Nichols, Eminent Domain (3d Ed. Rev.) § 8.63. The unattacked findings of fact of the trial court, however, support the court's conclusions that the plaintiff continued in possession, use and enjoyment of his property until April 10, 1970; that his suit to prohibit the taking of the property was the cause for the certificate of taking not being recorded until that date; see *Broad-*

*river, Inc.* v. *Stamford,* 158 Conn. 522, 530–31, 265 A.2d 75, cert. denied, 398 U.S. 938, 90 S. Ct. 1841, 26 L. Ed. 2d 270; and that April 10, 1970, was the date on which the property of the plaintiff was taken.

From the foregoing, and in view of the plaintiff's failure to make a timely claim to the Superior Court challenging the determination of the date of taking, the plaintiff's request for additional interest on the award was properly denied.

There is no error.

In this opinion the other judges concurred.