[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS (#101)
On July 11, 1996, the applicant, Marjorie Crump, filed this action against the respondent, Connecticut Resources Recovery Authority. The applicant, in her appeal and application for review of statement of compensation ("application for review"), alleges the following facts.
The applicant was the owner of real property located at 784 River Road, Shelton, Connecticut (the "property"). The respondent operated the Shelton Landfill, which abutted the applicant's property. On or about February 14, 1996, the respondent filed a notice of condemnation and a statement of compensation with the clerk of the Superior Court pursuant to General Statutes § 8-129 et. seq.[1] In the notice of condemnation, the respondent set forth its intention to condemn the applicant's property "in order to comply with the laws, regulations, and permits affecting the Shelton Landfill or the use thereof." (Appeal and Application for Review of Statement of Compensation, count one, ¶ 3). In the statement of compensation, the respondent determined that the amount of compensation to be paid to the applicant for the condemnation of the property was the sum of two hundred thirty thousand ($230,000.00) dollars. In accordance with General Statutes §8-130, the respondent deposited said sum with the clerk of the Superior Court.[2] On or about February 28, 1996, the respondent filed with the town clerk of the city of Shelton a certificate of taking issued by the clerk of the Superior Court, judicial district of Hartford.[3]
Pursuant to General Statutes § 8-132, the applicant seeks review of the statement of compensation. Specifically, in the CT Page 975 application for review, Crump sets forth the following causes of action: a claim that the statement of compensation is inadequate to compensate the applicant for her loss (count one); a claim for an alleged de facto taking of the property by the respondent occurring prior to the respondent's February 28, 1996 taking (count two); a 42 U.S.C. § 1983 claim (count three); an absolute nuisance claim (count four); a negligent nuisance claim (count five); and a state constitutional claim (count six).
The respondent filed a motion to dismiss counts two, three, four, five and six of Crump's application for review. Pursuant to Practice Book § 155, the respondent filed a supporting memorandum of law and the applicant filed an opposing memorandum. On October 25, 1996, the respondent filed a reply memorandum of law in support of its motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Cannata v.Department of Environmental Protection, 239 Conn. 124, 134
n. 17, 680 A.2d 1329 (1996).
A "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46, 668 A.2d 1314 (1995); Practice Book § 143. Subject matter jurisdiction "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Internal quotation marks omitted.) Cannata v. Department of EnvironmentalProtection, supra, 239 Conn. 134 n. 17.
I. Counts three through six.
CT Page 976
The respondent contends that counts three through six should be dismissed for lack of subject matter jurisdiction because General Statutes § 8-132 limits the trial referee's jurisdiction to review the statement of compensation.[4]
Counts three through six allege a 42 U.S.C. § 1983 claim, an absolute nuisance claim, a negligent nuisance claim, and a state constitutional claim, respectively. The respondent contends that these counts "seek redress and damages for matters other than CRRA's taking of the subject property set forth in the statement of compensation." Accordingly, the respondent argues that the trial referee does not have the power under § 8-132 "to provide any redress or award any damages" for these counts.
The applicant asserts, however, that the trial referee has subject matter jurisdiction over these counts. According to the applicant, the language of General Statutes § 8-132
"does not, on its face, limit the claims a referee may consider in deciding the adequacy of a statement of compensation" and therefore the trial referee can also consider counts three through six.[5]
Section 8-132 of the General Statutes "specifically enables persons claiming to be aggrieved by the statement of compensation to obtain a review of such statement.Transportation Plaza Associates v. Powers, 203 Conn. 364, 369,525 A.2d 68 (1987). General Statutes § 8-132 states in pertinent part that "[a]ny person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may, at any time within six months after the same has been filed, apply to the superior court . . . for a review of such statement of compensation so far as the same affects such applicant, and said court . . . shall appoint a state referee to make a review of the statement of compensation. Such report shall contain a detailed statement of findings by the referee, sufficient to enable the court to determine the considerations upon which the referee based his conclusions."[6]
General Statutes § 8-132.
"A condemnation proceeding is limited in scope." Rice v.Ives, 27 Conn. Sup. 23, 27, 228 A.2d 153, (1966). "The singleobjective of an eminent domain proceeding is to ensure that the property owner shall receive, and that the state shall only be required to pay, the just compensation which the CT Page 977 fundamental law promises the owner for the property which the state has seen fit to take for public use." (Emphasis added; internal quotation marks omitted.) Russo v. East Hartford,4 Conn. App. 271, 274, 493 A.2d 914 (1985)
When an appeal is taken, the referee's "jurisdiction under § 8-132 of the General Statutes is to revise the statement of compensation in such a manner as he deems proper and forthwith report to the court." Gomez v. City of Shelton,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 29488 (September 18, 1991, O'Sullivan, S.T.R.); Research Associates Inc. v. New Haven RedevelopmentAgency, 152 Conn. 137, 140, 204 A.2d 833 (1964). The referee is required by § 8-132 of the General Statutes to make visual observations of the property; McDermott v. New HavenRedevelopment Agency, 184 Conn. 444, 447, 440 A.2d 168 (1981); and is permitted by § 8-132 to "raise, lower or leave unchanged the assessment of damages as he finds proper under the law and the evidence before him." Research Assoc. v. NewHaven Redevelopment Agency, supra, 152 Conn. 141.
The trial referee "is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises." (Internal quotation marks omitted.) Feigenbaum v. Waterbury, 20 Conn. App. 148,153, 565 A.2d 5 (1989). "It is his task to reach a result that gives, as nearly as possible, a fair equivalent in money as just compensation for the property taken." Favrow v.Commissioner of Environmental Protection, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 354442 (July 26, 1991, Bieluch, S.T.R.).
Neither the case law in Connecticut nor the legislative history have addressed the issue of whether a trial referee lacks subject matter jurisdiction under General Statutes §8-132 to hear the causes of action alleged in counts three through six where there is a complete taking of property in a condemnation action.
Based upon the above cited authority, we conclude that General Statutes § 8-132 limits a trial referee's jurisdiction to review and revise the statement of compensation to insure that the aggrieved party is adequately compensated for the CT Page 978 losses sustained by the taking. The above cited authority does not support extending the trial referee's jurisdiction to hear the claims alleged by the applicant in counts three through six in an eminent domain proceeding. See Russo v.East Hartford, supra, 4 Conn. App. 274 n. 2 (stating in an eminent domain proceeding, an appeal from the statement of compensation is limited in scope).
Equally important, according to the rules of statutory construction "[i]f the language of a statute is plain and unambiguous, [the court] . . . need look no further than the words actually used because [the court] . . . assume[s] that the language expresses the legislature's intent." Office ofConsumer Counsel v. Dept. of Public Utility and Control,234 Conn. 624, 642, 662 A.2d 1251 (1995) "In every case, however, [the court] . . . interpret[s] a statutory term in light of its context and not in isolation." Id. The language in General Statutes § 8-132 is plain and unambiguous and expresses the legislature's intent to limit the trial referee's jurisdiction to only review the statement of compensation.
Because the condemnation proceeding is limited under General Statutes § 8-132 to reviewing the statement of compensation, the applicant's claims alleged in counts three through six can not be heard in such a proceeding and instead these counts should be raised in an independent action.[7] This opinion in no way restricts a trial referee's jurisdiction from hearing the claims alleged in counts three through six when alleged in a separate action. These claims simply cannot be alleged within the context of a General Statutes § 8-132
appeal.
II. Count two.
The respondent seeks to have count two of Crump's application for review dismissed on the grounds that the court lacks subject matter jurisdiction under General Statutes § 8-132. Count two alleges a de facto taking of Crump's property by the respondent occurring prior to the February 28, 1996 taking. According to the respondent, General Statutes §8-132 is limited to only a review of the statement of compensation and an independent action should be brought to determine what rights where created or extinguished by the alleged prior de facto taking. CT Page 979
The applicant argues that the court has subject matter jurisdiction to determine the actual date of the taking. General Statutes § 8-129. The applicant contends that she is required to raise an inverse condemnation claim in her application for review when the date of taking alleged therein is different from the date of taking fixed by General Statutes § 8-129.
The date of taking is fixed by General Statutes § 8-129
as the date of the recording of the certificate of taking. "If, however, on the basis of special equitable considerations, the condemnee claims any other date as the true date of the taking, it is incumbent upon him to present this claim to the Superior Court prior to the entry of the order referring to a referee, for review, the defendant's assessment of damages." (Emphasis added.) Fishman v. UrbanRedevelopment Commission, 175 Conn. 265, 267-68, 397 A.2d 1349
(1978). "In that way, the court could then decide whether a different date should be fixed as the taking date, and, when the reference was made, the referee could assess the factors as they existed on the date set by the court as the actual taking date." (Internal quotation marks omitted.) Id., 268
In the present case, the respondent filed the certificate of taking on February 28, 1996, pursuant to General Statutes § 8-129. Because count two alleges that a de facto taking occurred prior to the February 28, 1996 recording of the certificate of taking, the court has subject matter jurisdiction over count two to determine when the actual taking occurred. The court should decide the actual date of taking prior to the entry of an order by the court referring the matter to the trial referee for review of the statement of compensation. See Fishman v. Urban Redevelopment Commission,
supra, 175 Conn. 268; Research Assoc. v. New Haven Redevelop.Agency, supra, 152 Conn. 140 (stating "under this statutory procedure the state referee has authority to determine the value only at the date of taking").
In summary, the motion to dismiss is granted as to counts three, four, five and six. The motion to dismiss is denied as to count two.
Mary R. Hennessey, J. CT Page 980