OSCAR BENSON *v.* THE TOWN OF NORTH HAVEN ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 8—decided April 4, 1940.

*Harry M. French,* with whom was *Albert W. Cretella,* and, on the brief, *Alfred C. Baldwin, Jr.,* for the appellant (named defendant).

*T. Holmes Bracken,* for the appellee (plaintiff).

HINMAN, J. The plaintiff is the owner of about thirty acres of land east of the Hartford Turnpike, in North Haven, and abutting about one thousand feet thereon. For many years the highway was a dirt road; a few years ago it was graveled and crowned, but was not widened or the grade changed. In 1934 the town entered into an agreement with the state highway commissioner for the improvement of this road by the latter, and the work on the portion in front of the plaintiff's property was completed in June, 1937. In September following, the plaintiff brought this action to recover damages to his property by change of the grade of the highway which, he alleged, before the change was level with his premises. The trial court found that an area six hundred and seventy-five feet abutting on the highway and two hundred feet in depth had been damaged by the change of grade, being the portion where the grade of the road was raised; that before the change in grade this portion was reasonably adapted for use for residential building lots and had a fair market value of $5 per front foot, totaling $3375, but after the change was valueless for any purpose except for farm land of a value of $150 per acre, amounting to $465; that the remaining three

hundred and twenty-five feet frontage where the new grade was lower than the old was benefited to the extent of $2 per front foot ($650) making the net damage $2260; and judgment was rendered for the plaintiff to recover $2250 from the defendant town. The defendant, by assignments of error, seeks corrections of the finding relating principally to the elevation and nature of the land adjoining the highway, affecting its availability for building lots and its value for any purpose.

The operative facts stated in the finding include the following: The plaintiff acquired the property in 1928 and ever since has rented it as farm land for $150 per year, and the tenant has raised corn and hay upon so much of it as could be cultivated. The land is rolling, draining into a natural basin at the low point, and there was a ditch running along east of the highway fence for some six hundred feet, which had water in it throughout the spring and fall and at other rainy times. The fence line, separating six hundred and seventy-five feet of the plaintiff's land from the highway, and most of the above mentioned six hundred and seventy-five feet by two hundred feet area was lower than the surface of the road as it was before the change. Three culverts passed under the road, the bottom of one of which was level with the plaintiff's land and its top eighteen inches or more below the surface of the highway before the change. The shoulder of the road has been raised for the distance of six hundred and seventy-five feet and is now from 2.4 feet to 6.8 feet above the plaintiff's property line, and for most of the distance is from four to six feet above it; this portion of the property is now practically inaccessible from the highway and a highway railing has been erected along it. After completion of the work the town passed a zoning ordinance whereby the plain-

tiff's property on the turnpike was placed in a residential zone and a fifty-foot building line was established. The plaintiff had planned to use this property for residential purposes and had sold building lots on Bishop Street, which intersects the turnpike at the northerly boundary of the plaintiff's land. Property in the vicinity is used for residential purposes and the neighborhood is a growing one in this respect. Electricity, gas and water are available on Bishop Street and electricity on the turnpike.

The defendant seeks to have inserted several paragraphs of its draft-finding which the trial court did not adopt. One of these is to the effect that the only means of obtaining water supply would be by wells, but as it appears that city water is now available on Bishop Street the trial court may not have been reasonably satisfied that extension could not be had to houses built on lots fronting on the turnpike. Other paragraphs relate to the degree and extent of wetness of the soil, but as to this the evidence was conflicting and the finding made as to that element of the situation is sufficiently supported. The principal effort is to substitute for the finding made as to the availability of the tract, before the change, for residential purposes one that it was not fitted for desirable building sites or suitable for reasonable use therefor, reliance being placed principally upon requested findings that in order to render it suitable it would have been necessary to fill the land to the level of the road, as it then was, at the fence line and higher toward the rear, which would involve a cost greater than a lot so graded would be worth. However, the essentiality of such grading was not admitted or undisputed; there was evidence which, if accepted, would support the finding that the land was "reasonably adapted" for residential purposes, it being found, also, that the slope from the

grade of the old road to plaintiff's property was gradual while that from the new is abrupt, and as it appears that the trial court viewed the premises it is to be assumed that this inspection contributed to or confirmed that conclusion. Evidence as to prices obtained for lots on Bishop Street and elsewhere in the vicinity renders unassailable the finding of $5 per front foot as a fair valuation as building lots; this as well as the other elements involved in the computation of net damage, as in most such cases, must depend on the considered judgment of the trier upon consideration of widely divergent claims and opinions. The finding is not susceptible to change which would subvert the conclusion reached and the consequent judgment.

There is no error.

In this opinion the other judges concurred.