## George Bennett et al. *v.* New Haven Redevelopment Agency

Baldwin, C. J., King, Murphy, Shea and Bordon, Js.

Argued May 5—decided July 5, 1961

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellants (plaintiffs).

*William L. F. Felstiner,* for the appellee (defendant).

SHEA, J. On May 19, 1958, the plaintiffs, owners of premises at 2-12 and 18-24 Congress Avenue in New Haven, applied to the Superior Court for a review of the statement of compensation filed by the defendant when it commenced proceedings to acquire the plaintiffs' property by eminent domain. See General Statutes § 8-132. The court appointed a state referee to make the review. The referee found the fair and reasonable value of all the property to be $148,580 and revised the statement of compensation accordingly. The plaintiffs' motion to correct the report was denied by the referee; an exception to the report was overruled by the court; the report was accepted and judgment was rendered thereon. The plaintiffs have appealed.

The property consists of two adjoining parcels of land with a building on each. The referee found the value of the land at 2-12 Congress Avenue to be $37,980, and the value of the land at 18-24 Congress Avenue to be $24,700. Thereafter, the value of the building on each parcel of land was reached by the application of the income approach method, one of the systems used by the real estate experts for the parties in arriving at their opinions of the fair market value of the property. Under this method of appraisal, the annual net income of the property is first ascertained. The value of the land is then determined and the income attributable to the land is found by figuring a fair return on the investment in the land. The result obtained is then deducted from the total net income, leaving as a balance the amount of income attributable to the building, which is then capitalized, thus reaching the value of the building. This method, adopted by the referee in this case, enabled him to fix the

value of each building and the total evaluation of all the property.

The plaintiffs contend that there was no evidence to support the referee's finding of the value of the land. They claim that the value of the land could not be based upon the referee's own general knowledge without outside evidence to support it. While they do not directly attack the finding as to the value of the buildings, they do so indirectly, because the ultimate evaluation of the buildings would be incorrect if the basic evaluation of the land was unsound.

During the hearing, cross-examination of the defendant's expert was interrupted by the referee, who stated that he would disregard the testimony of the witness as to the value of the land. Because of this statement, the plaintiffs argue that the only evidence of land value which could be considered by the referee was that of their own expert and the evaluation made by the city assessors for tax purposes. The market value of the land as found by the referee was less than either of these evaluations. The plaintiffs therefore insist that the report of the referee should have been corrected by fixing the value at not less than the lower of the two values available from the evidence.

While it is true that the referee rejected the opinion of the defendant's expert, he also refused to accept the opinion of the plaintiffs' expert. Likewise, he stated that he did not feel bound to accept the value fixed by the city assessors. The experts also differed as to the area of each lot. From the testimony of one of them, the referee could have found that the premises at 2-12 Congress Avenue contain 3165 square feet. This is a corner lot. Apparently, the referee fixed the value of this land at

$12 per square foot, thus reaching the figure of $37,980 for that piece of land. From the same testimony, the referee could have found that the adjoining parcel at 18-24 Congress Avenue contains 2470 square feet. Since the referee found the value of this land to be $24,700, it seems apparent that he fixed the value on the basis of $10 per square foot. These amounts exceeded those fixed by the defendant's expert, while they were less than those fixed by the plaintiffs' expert. But the referee was not bound by the opinion of the experts. *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.*, 144 Conn. 509, 512, 134 A.2d 253. The purpose of offering in evidence the opinions of experts as to the value of land is to aid the trier to arrive at his own conclusion, which is to be reached by weighing those opinions in the light of all the circumstances in evidence bearing upon value and his own general knowledge of the elements going to establish it. *Moss* v. *New Haven Redevelopment Agency*, 146 Conn. 421, 425, 151 A.2d 693; *Appeal of Cohen*, 117 Conn. 75, 85, 166 A. 747. Ultimately, the determination of the value of the land depended on the considered judgment of the referee, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties. General Statutes § 8-132; *Benson* v. *North Haven*, 126 Conn. 506, 510, 12 A.2d 551. There is nothing to show that in determining the value of the plaintiffs' land the referee misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was his duty to regard. *Morgan* v. *Hill*, 139 Conn. 159, 161, 90 A.2d 641.

The court was fully justified in overruling the plaintiffs' exceptions to the report of the referee and in rendering judgment as it did. *G. F. Heublein,*

*Inc.* v. *Street Commissioners,* 109 Conn. 212, 220, 146 A. 20.

There is no error.

In this opinion the other judges concurred.