JOSEPH N. ESPOSITO *v.* COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 6—decision released December 31, 1974

*Victor Feingold,* assistant attorney general, with whom were *Angelo Smeraldi* and *Robert L. Klein,*

assistant attorneys general, and with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellant (defendant).

*Alfonse C. Fasano,* with whom was *Roland D. Fasano,* for the appellee (plaintiff).

PER CURIAM. The defendant has appealed from a judgment rendered by a state referee exercising the powers of the Superior Court reassessing at $342,800 the damages sustained by the plaintiff in the taking of his property by the defendant by eminent domain. The assessment of damages filed by the defendant for the taking assessed the damages due the plaintiff at $203,920.

The finding of facts from which the referee reached his conclusions is set forth in sixty-one paragraphs. The defendant has assigned error claiming that the referee has refused to find sixty-one paragraphs of his draft finding which he claims were admitted or undisputed or that those findings of fact were reasonably necessary in order to have the questions of law properly reviewed. In addition, the defendant has attacked eighteen paragraphs of the referee's finding of facts as being found without evidence. Also, the defendant has assigned error directed to two of the three conclusions reached by the referee on the claim that they were factually unsupported. The defendant has thus made a wholesale attack on the referee's finding. Such an attack on a finding rarely produces beneficial results and in effect the defendant seeks to have this court retry the issues. This is not our function. *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 424, 270 A.2d 546. The conclusions reached by the trier must stand unless they are legally or logically inconsistent with the facts found or unless they involve

the application of some erroneous rule of law material to the case. *Textron, Inc.* v. *Wood,* 167 Conn. 334, 355 A.2d 307; *Schnier* v. *Ives,* 162 Conn. 171, 177, 293 A.2d 1; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645.

After a careful examination of the record, the briefs and the plaintiff's appendix, the defendant not having submitted an appendix, we conclude that the defendant is not entitled to any of the corrections sought in the finding of facts. As to the conclusions under attack, "[t]he trier arrives at his own conclusion as to the value of land by weighing the opinion of the appraisers, the claims of the parties in the light of all the circumstances in evidence bearing on value and his own general knowledge of the elements going to establish value . . . . No single method of valuation was controlling, and the referee was entitled to select the most appropriate one under the facts as he found them." *Schnier* v. *Ives,* supra, 177–78. From the facts found by the referee he could reasonably conclude that the reasonable value of the land and the building was $342,800.

The defendant assigns as error the refusal by the referee to find as facts certain paragraphs set forth in his draft finding which concern his motion to open the judgment. Since this assignment of error was not briefed, it is considered that it was abandoned. *DePaola* v. *Seamour,* 163 Conn. 246, 254, 303 A.2d 737; *Southern New England Telephone Co.* v. *Rosenberg,* 159 Conn. 503, 509, 271 A.2d 87; Maltbie, Conn. App. Proc. § 327.

There is no error.