[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTARY REPORT TO THE COURT
The report to the court by the undersigned State Trial Referee was filed on April 2, 1991. Thereafter the defendant filed a Motion to Correct the Report and Judge Fuller in a Memorandum filed June 19, 1991 referred the matter back to the undersigned "to determine whether to file a supplementary report addressing the factual claims in the defendant's Motion to Correct."
In the Motion to Correct the defendant requested that certain facts be included in the Report of the undersigned. There are 16 paragraphs containing such facts. They are addressed individually. They are found on pps. 4-10 of the Motion to Correct. The undersigned agrees that the Court may consider adding such facts to the undersigned's Report of April 2, 1991 as restated to the following extent:
1. Prior to the taking the property was subject to a natural water course which carried water from one side of Armstrong Road under the road way through a head wall onto the plaintiff's property into wetlands on the property.
2. The condition of the portion of the plaintiff's property affected by the easements prior to the taking consisted of a head wall which had drop off from the abutting roadway and an area of wetlands. The drop off was eliminated by the re-grading of the plaintiff's property.
3. The easements condemned by the defendant effect the overall ownership of the plaintiff's property although the property has the same boundary lines and consists of the same amount of land. CT Page 8027
4. Part of the easement area is in a wetland area and the property was regulated by state statutes and local inland-wetland regulations.
5. The watercourse which exists today after the taking existed before the taking. Water drained naturally onto the plaintiff's property from the opposite side of Armstrong Road through the head wall and into the wetlands at the rear of the plaintiff's property. The same condition exists today with the exception that a culvert has been constructed and the head wall is eliminated.
6. With regard to the re-grading of the plaintiff's property, the entire slope was within the set back line of the defendant's zoning regulations.
7. The regulations require a 25 foot set back to any watercourse.
8. The plaintiff's property was subject to an easement to the United Illuminating Company. The defendant's easements are within the easement area of the United Illuminating Company.
Paragraph 9 as stated in the Motion to Correct is a legal argument and not a claimed fact. It should not be added to the facts in the undersigned's Report of April 2, 1991.
Paragraph 10 as stated in the Motion to Correct is a legal argument and not a claimed fact. It should not be added to the facts in the undersigned's Report of April 2, 1991.
Paragraph 11 as stated in the Motion to Correct is a legal argument and not a claimed fact. It should not be added to the facts in the undersigned's Report of April 2, 1991.
Paragraph 12 as stated in the Motion to Correct is irrelevant to the issues before the Court. It should not be added to the facts in the undersigned's Report of April 2, 1991.
Paragraphs 13, 14, 15 and 16 as stated in the Motion to Correct are irrelevant to the issues before the Court. They should not be added to the facts in the undersigned's Report of April 2, 1991. This is because the undersigned is not bound by the opinions of the experts. Bennett v. New Haven Redevelopment Agency,148 Conn. 513, 516. The undersigned did his own computations using the documents put in evidence during the hearings. Report, p. 3
The undersigned points out to the Court that the plaintiffs acquired the property by deed dated April 28, 1989 and the defendant filed its Statement of Compensation relating to the CT Page 8028 taking of the easements in the plaintiff's property on June 12, 1989, 45 days later. The plaintiff's paid $248,000 for the property and the U.I. easement had to be a factor in determining the price paid.
The undersigned also points out to the court that 434 of the Court Rules concerns reports of a Committee and not to this report of a Trial Referee.
The undersigned's jurisdiction under 8-132 of the General Statutes is to "revise the statement of compensation in such a manner as he deems proper and forthwith report to the court." Under8-133 of the General Statutes if the court to which the report was made accepts the report and awards an amount greater than the amount awarded as compensation by the defendant, the court then awards costs plus an appraisal fee as the court determines to be reasonable. The undersigned did not approve either the costs claimed or an appraisal fee. That is a matter for the court. See pps. 3 and 4 of the Motion to Correct. Any claim by the defendant to the contrary is without merit.
THOMAS J. O'SULLIVAN TRIAL REFEREE