# WALTER KRASOWSKI ET AL. *v.* LOUIS FANTARELLA ET AL.
## (AC 17625)

Foti, Landau and Hennessy, Js.

Argued September 17—officially released December 8, 1998

*Bernard Green*, with whom were *Marni Smith Katz* and, on the brief, *Eric M. Gross*, for the appellants-appellees (named defendant et al.).

*Elizabeth F. Flynn*, for the appellees-appellants (plaintiffs).

*Opinion*

HENNESSY, J. The defendants, Louis Fantarella, Jr., Laura Fantarella and Louis Fantarella, Sr.,[1] appeal from the judgment of the trial court rendered against them in an action to quiet and settle title. Pursuant to General Statutes § 47-30,[2] the plaintiffs, Walter J. Krasowski and

---

[1] Louis Fantarella, Jr., and Laura Fantarella occupy a house that they built on the disputed property. They purchased the disputed property from Louis Fantarella, Sr. In the original action, Lorraine B. Mallinson, the New Haven Savings Bank and the Union Trust Company were also defendants; however, they are not parties to this appeal. We refer in this opinion to the Fantarellas as the defendants.

[2] General Statutes § 47-30 provides: "Final judgment shall not be rendered, in any action to recover the possession of land, against any defendant who has, in good faith, believing his title to the land in question absolute, made improvements on the land before the commencement of the action, or whose grantors or ancestors have made the improvements, until the court has ascertained the present value of the improvements and the amount reasonably due the plaintiff from the defendant for the use and occupation of the land. If the value of the improvements exceeds the amount due for use and occupation, execution shall not be issued until the plaintiff has paid the balance to the defendant or into court for his benefit. If the plaintiff elects to have the title confirmed in the defendant and, upon the rendition of the verdict, files notice of the election with the clerk of the court, the court shall ascertain what sum ought in equity to be paid to the plaintiff by the defendant or other parties in interest and, on payment of it, may confirm the title to the land in the parties paying it."

Genevieve Krasowski, elected to have the trial court confirm the title of the disputed property in the defendants and to have the defendants pay an equitable sum as determined by the trial court. The defendants challenge the trial court's determination of the value of the disputed property and dispute the trial court's award of reasonable fees to the plaintiffs pursuant to Practice Book § 241, now § 13-25.[3] Specifically, the defendants claim that (1) the value of the disputed property, as derived by the trial court, is not supported by competent evidence and (2) the trial court improperly granted the plaintiffs' motion for order under Practice Book § 241 postjudgment. We affirm the judgment of the trial court with regard to both of the defendants' claims.

The plaintiffs filed a cross appeal claiming that the trial court's determination of the equitable sum due to the plaintiffs was improper because the trial court (1) failed to award the plaintiffs the fair value of the use and occupancy of the real property during the wrongful possession and (2) failed to award attorney's fees incurred by the plaintiffs in the prosecution of the action. With regard to the plaintiffs' first claim on their cross appeal, we remand the action to the trial court for a hearing on whether an award of use and occupancy is warranted. We affirm the judgment of the trial court with regard to the plaintiffs' second claim on the cross appeal.

The following procedural history is relevant to this appeal. The plaintiffs brought an action against the

---

[3] Practice Book § 13-25 provides: "If a party fails to admit the genuineness of any document or the truth of any matter as requested herein, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, such party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The judicial authority shall make the order unless it finds that such failure to admit was reasonable."

defendants to quiet and settle title in real property known as 528 Wheelers Farm Road in Orange. In a preliminary ruling dated May 31, 1996, the trial court found that title to the disputed property rested in the plaintiffs and directed that a hearing in damages be held pursuant to General Statutes § 47-30.

On June 20, 1996, the plaintiffs filed a notice of election pursuant to § 47-30, requesting "to have title to the property . . . confirmed in the defendants, upon payment of an equitable sum to be determined by the court." Also on June 20, 1996, the plaintiffs filed a motion for order pursuant to Practice Book § 241, now § 13-25, requesting that the trial court award to the plaintiffs reasonable expenses, including attorney's fees, incurred by the plaintiffs in proving the truth of matters that the defendants failed to admit in the plaintiffs' request for admissions dated April, 27, 1994.

On December 3, 1996, the trial court held a hearing in damages pursuant to § 47-30. On December 25, 1996, the defendants filed a posttrial supplementary memorandum objecting to the plaintiffs' motion for order.

In a memorandum of decision dated September 11, 1997, the trial court rendered judgment and awarded damages, pursuant to § 47-30, of $145,748 and costs against the defendants Louis Fantarella, Jr., and Laura Fantarella.[4] This award represented the trial court's determination of the value of the disputed property as of 1995.[5] The trial court denied the plaintiffs' request for attorney's fees.

[4] Additionally, the trial court awarded $6000 in damages against the defendant Mallinson.

[5] The September 11, 1997 memorandum of decision originally stated that the property was valued as of 1985. On December 12, 1997, the trial court granted the plaintiffs' motion to correct this figure from 1985 to 1995 to reflect the intention of the court to make an award based on the property value as of 1995.

On September 19, 1997, the defendants Louis Fanta-rella, Jr., and Laura Fantarella appealed from the September 11, 1997 judgment of the trial court. On September 30, 1997, the plaintiffs filed a cross appeal from the same judgment.

On October 1, 1997, the plaintiffs filed a motion with the trial court to reconsider its failure to award use and occupancy damages and attorney's fees. The trial court denied the plaintiffs' motion to reconsider on December 1, 1997. Also on December 1, 1997, the trial court granted the plaintiffs' motion for order requesting cost and fees under Practice Book § 241.

The defendants filed an amended appeal on December 8, 1997, which included the trial court's December 1, 1997 order granting the plaintiffs' motion for order and added Louis Fantarella, Sr., as an appellant. Other facts will be discussed where relevant to the issues in the case.

I

The defendants first claim that the trial court improperly determined the value of the property because the valuation was not supported by competent evidence. We disagree.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D [now § 60-5]. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record,

those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

"We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222.

The trial court concluded that the value of the defendants' parcel[6] of the disputed property was $145,748. In deriving the value of only the defendants' parcel, the trial court used the plaintiffs' appraisal of $128,600, then "reinstated the 18 percent adjustment made by the appraiser to arrive at a 1995 value and thereafter [reduced] the figure by the amount of $6000 assessed against the Mallinson portion of the subject property." The trial court further stated: "This compares favorably with the assessor's value of $140,200."[7] This is supported by the evidence. During the hearing on December 3, 1996, the plaintiffs and the defendants presented conflicting expert witness testimony regarding the value of the disputed property. Both experts used the sales comparison method to appraise the property; however, the plaintiffs' expert characterized the property as residential while the defendants' expert characterized the property as excess acreage. Although the parcel was originally intended to be part of a subdivision, the road improvements were never made. The parcel occupied by the Fantarellas does not have frontage. The town zoning officer testified that while the

---

[6] The disputed property consisted of two parcels. Only one of the parcels involved the defendants. The other parcel involved Mallinson.

[7] The defendants also claim that the trial court improperly admitted and relied on the assessor's appraisal. This claim is without merit. The trial court used the assessor's value for comparative purposes only. Since the trial court did not rely on the assessor's appraisal, any error in admitting the assessor's report would be harmless.

property became nonconforming when the road improvements were not made, the town considers the lot legally nonconforming. In its September 11, 1997 memorandum of decision, the trial court stated that "the court considers the property occupied by the Fantarellas to be a building lot albeit not conforming but not illegal. Its value therefore should be determined as such." Thereafter, the trial court accepted the opinion of the plaintiffs' expert as to the value of the defendants' parcel of the disputed property.

The plaintiffs' expert witness, Richard Vincent, testified that he used three residential properties for comparison, and he testified as to the location, size and sales price of these three parcels. He arrived at an appraised value of the full parcel of $128,600 as of September, 1985, the date of the alleged taking.

The defendants argue that the trial court, in its September 11, 1997 memorandum of decision, "disavowed the testimony of the plaintiffs' expert" and "found that the approach taken by the defendants' appraiser was more appropriate." This argument is without merit. The trial court found that the approach taken by the defendants' appraiser was more appropriate only for the determination of the value of the Mallinson parcel.

We note that "[i]n determining the value of the property taken, the trier arrives at its own conclusions by weighing the opinions of the appraisers, the claims of the parties, and its own general knowledge of the elements going to establish value, and then employs the most appropriate method to determine the damages that result from the taking. *Laurel, Inc.* v. *Commissioner of Transportation*, 180 Conn. 11, 37–38, 428 A.2d 789 (1980); *Greenfield Development Co.* v. *Wood*, 172 Conn. 446, 451, 374 A.2d 1084 (1977); *Esposito* v. *Commissioner of Transportation*, 167 Conn. 439, 441, 356 A.2d 175 (1974); *Slavitt* v. *Ives*, 163 Conn. 198, 209, 303

A.2d 13 (1972); *Schnier* v. *Ives*, 162 Conn. 171, 177–78, 293 A.2d 1 (1972). It is clear that 'the trial court has the right to accept so much of the testimony of the experts and the recognized appraisal methods which they employed as he finds applicable; his determination is reviewable only if he misapplies, overlooks, or gives a wrong or improper effect to any test or consideration which it was his duty to regard.' *Greenfield Development Co.* v. *Wood*, supra; see *Stanley Works* v. *New Britain Redevelopment Agency*, 155 Conn. 86, 99, 230 A.2d 9 (1967); *Bennett* v. *New Haven Redevelopment Agency*, 148 Conn. 513, 516, 172 A.2d 612 (1961)." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, supra, 181 Conn. 220–21.

The defendants further claim that the trial court's observations did not support the findings. This claim is without merit. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *McNeil* v. *Riccio*, 45 Conn. App. 466, 472, 696 A.2d 1050 (1997). After a review of the complete record, we conclude that there is evidence to support the trial court's determination of the value of the disputed property.

The defendants further claim that the trial court improperly applied the 18 percent adjustment. The trial court did not articulate the basis for this adjustment. "It is the responsibility of the appellant to provide an adequate record for review . . . ." Practice Book § 60-5. "Without an adequate record on which to review the

rulings of the trial court, this court must assume that the trial court acted properly." (Internal quotation marks omitted.) *Lord* v. *Mansfield*, 50 Conn. App. 21, 30, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998).

After a careful review of the record, we conclude that the trial court's determination of the value of the property was supported by the evidence and, therefore, is not clearly erroneous.

## II

The defendants next claim that the trial court improperly granted the plaintiffs' motion for order postjudgment. That motion requested reasonable costs pursuant to Practice Book § 241, now § 13-25. Specifically, the defendants claim that the trial court denied the plaintiffs' request for attorney's fees in its September 11, 1997 memorandum of decision and then improperly reversed that decision without opening the judgment when it granted the plaintiffs' motion for order postjudgment. We are not persuaded.

The trial court had before it two separate requests. The first was a motion for order pursuant to Practice Book § 241 filed by the plaintiffs on June 20, 1996. That motion requested that the court order the defendants to pay reasonable expenses, including reasonable attorney's fees, incurred by the plaintiffs in proving the facts that the defendants failed to admit in the plaintiffs' request for admissions dated April 27, 1994.[8] The defendants incorrectly assume that the motion for order pursuant to Practice Book § 241 is a request for attorney's fees. Practice Book § 13-25, formerly § 241, like its fed-

---

[8] Specifically, the plaintiffs asserted that the defendants failed to admit the genuineness of the Fuller partition map and the CNB map by Harry Pidluski. The plaintiffs further asserted that the defendants failed to admit that the plaintiffs were the true legal owners of the disputed property and property abutting the Mallinson property on the south.

eral counterpart, Fed. R. Civ. P. 37 (c) (2), is in essence a sanction. See Fed. R. Civ. P. 37 (c) advisory committee note to 1970 amendment ("Rule 37 [c] provides a sanction for the enforcement of Rule 36 dealing with requests for admission. . . . [and] is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial").

Next, at the December 3, 1996 hearing in damages, the plaintiffs' attorney requested attorney's fees in connection with the damages that the court in equity can award under § 47-30.[9] In its memorandum of decision regarding damages dated September 11, 1997, the trial court granted costs, but denied the plaintiffs' request for attorney's fees because "[t]he court has previously

---

[9] The following colloquy took place at the December 3, 1996 hearing between the attorney for the plaintiffs and the attorney for the defendants:

"[Plaintiffs' Attorney]: Your Honor, at the hearing last January there were two documents marked for identification only, nineteen and twenty, copies of attorney fees. Now, in light of Your Honor's ruling, I'd like to have them made full exhibits and have Mr. Krasowski identify them.

\* \* \*

"[Defendants' Attorney]: I'd object. I don't see how they're in any way material to the issues before the court.

\* \* \*

"[Defendants' Attorney]: In the case-in-chief, that issue was discussed, it was objected to, objection was sustained, the exhibit was marked for identification. By the statute, the court having made its finding and the plaintiff having made its election, we're now in court on equitable evaluation of property that—

"The Court: Well, if I've already ruled on it, I'm not going to rule on it again.

\* \* \*

"[Plaintiffs' Attorney]: Your Honor, your ruling in January, there was never [a] determination at that time whether Mr. Krasowski did indeed own the land. Now that that's been decided, part and parcel of his damages, which the court in equity can award him are attorney's fees, the survey fees, the appraiser's fees, the expert attorney's fees. If Your Honor prefers, I will submit this separately in a memorandum and call Mr. Krasowski back one more time.

"The Court: I think that might be the better way to proceed."

found that the Fantarellas did not act with any intent to deprive the Krasowskis of their property." The trial court further stated that "when [Laura Fantarella and Louis Fantarella, Jr.,] purchased the property, they engaged the services of an attorney as well as having the record title examined by a qualified title examiner who led them to believe that they were the true owners of the subject property. . . . With this in mind, the court makes no award of attorney's fees." The trial court did not address the outstanding motion for order.

On October 1, 1997, the plaintiffs filed a motion to reconsider, which requested that the trial court reconsider its failure to award use and occupancy damages and attorney's fees in the prosecution of the action. On December 1, 1997, the trial court denied the plaintiffs' motion to reconsider. On the same day, the trial court granted the plaintiffs' motion for order requesting cost and fees under Practice Book § 241, and stated that "[t]he motion is granted except that the legal fees of $21,294 shall in equity be assessed against the defendant, Louis Fantarella, Sr."

These rulings are consistent with the September 11, 1997 memorandum of decision. The trial court again denied the plaintiffs' request for attorney's fees in connection with the damages. The trial court then granted the outstanding motion for order, which was collateral to the judgment. "It is well established that a trial court maintains jurisdiction over an action subsequent to the filing of an appeal. Practice Book § 4006 [now § 61-9] . . . ." *Ahneman* v. *Ahneman,* 243 Conn. 471, 482, 706 A.2d 960 (1998). "[W]here a court is vested with jurisdiction over the subject-matter . . . and . . . obtains jurisdiction of the person, it becomes its . . . duty to determine every question which may arise in the cause . . . ." (Internal quotation marks omitted.) Id., 484.

The defendants also appear to argue that the trial court should have held a hearing on the motion for

order. Both of the parties, however, concede in their briefs and at oral argument that the trial court held a hearing on April 7, 1997 regarding the motion for order.[10] Therefore, on December 1, 1997, when the trial court granted the motion for order, it had already held a hearing.

In addition, Practice Book § 13-25 does not mandate that a hearing be held. That section provides in relevant part: "The judicial authority shall make the order unless it finds that such failure to admit was reasonable." When the trial court granted the plaintiffs' motion for order, the trial court also had before it the defendants' posttrial supplementary memorandum of law objecting to the plaintiffs' motion for order. Since the basis of the defendants' objection was that the defendants' failure to admit was reasonable in light of their good faith belief in their title, the trial court had an adequate basis to determine whether "such failure to admit was reasonable."

We conclude that under these circumstances, the trial court's granting of the plaintiffs' motion for order postjudgment was proper.

## III

On cross appeal, the plaintiffs first claim that the trial court should have awarded them the fair value of the use and occupancy of the disputed property during the wrongful possession pursuant to § 47-30. Specifically, the plaintiffs assert that the trial court improperly precluded an award of use and occupancy because it concluded that the plaintiffs' election under § 47-30 was limited to the value of the property. We agree that the court should not have precluded consideration of an

---

[10] While the judgment file confirms that a hearing was held on April 7, 1997, it does not state the subject matter of the hearing. Neither party provided us with a copy of the transcript from that hearing.

award of use and occupancy and should have exercised its discretion.

Section 47-30 provides in relevant part: "If the plaintiff elects to have the title confirmed in the defendant . . . *the court shall ascertain what sum ought in equity to be paid to the plaintiff by the defendant* . . . ." (Emphasis added.) In this case, however, the trial court concluded that the plaintiffs' election under § 47-30 constituted an election to receive the value of the property and not use and occupancy.[11] The trial court misinterpreted the statute. Section 47-30 directs the court to determine what equitable sum is due to the plaintiff and does not limit the court to the value of the property. Since the court awarded the plaintiffs the value of the property as of 1995, the trial court could have awarded the plaintiffs the fair value of the use and occupancy from 1985 to 1995, which were the years of the plaintiffs' dispossession. The trial court failed to exercise its discretion.

The plaintiffs further argue that to make them whole, the trial court *must* either award "the value of the property at the time of the taking plus legal interest from that date, or the present day value of the property, plus an award for the use and occupancy during the period of trespass." The plaintiffs request that we remand the case to the trial court with direction to

---

[11] In the trial court's memorandum of decision dated September 11, 1997, the trial court stated: "Title to the disputed parcel has been quieted in the plaintiffs Krasowski. Pursuant to § 47-30 of the General Statutes, they have elected to have the court quiet the title thereof in the defendants Fantarella and Mallinson. There remains then for the court to assess whatever damages the plaintiffs have incurred as a result of the actions of the defendants, namely the value of the subject property being quieted in each defendant.

"In doing so, the court makes its determination of value for the subject parcels as of the date on which the Krasowskis made their election pursuant to § 47-30 of the General Statutes. *This decision by the plaintiffs constitutes an election to receive the reasonable value of the property rather than any damages incurred as a result of their use and occupancy resulting from their trespass.*" (Emphasis added.)

render a supplemental judgment for the value of the use and occupancy. We are not persuaded.

Equity does not necessarily mean full compensation to the plaintiffs. Equity is "[j]ustice administered according to fairness as contrasted with the strictly formulated rules of common law. . . . The term 'equity' denotes the spirit and habit of fairness, justness, and right dealing which would regulate the intercourse of men with men." Black's Law Dictionary (6th Ed. 1991). Equity takes into consideration fairness to both the plaintiff and the defendant. Since equitable determinations require the balancing of many factors and are committed to the trial court's discretion; see *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994); we decline to order the trial court to render a supplemental judgment for the value of the use and occupancy as requested by the plaintiffs.

We conclude that the trial court misinterpreted § 47-30 to limit the award to the value of the property and to preclude an award of use and occupancy. We remand the action to the trial court for proceedings to determine, in the exercise of its discretion, whether an award of use and occupancy is warranted.

### IV

The plaintiffs next claim that under § 47-30, the trial court should have awarded them attorney's fees incurred during the prosecution of the action. Specifically, the plaintiffs claim that they cannot be fully compensated for loss of their property without an award of attorney's fees.

"[E]quitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." Id. "Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and

equitable under the circumstances and the law  . . . .
And [it] requires a knowledge and understanding of the
material circumstances surrounding the matter  . . . .
In our review of these discretionary determinations, we
make every reasonable presumption in favor of uphold-
ing the trial court's ruling. . . . *New London Federal
Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 92, 709
A.2d 14 (1998)." (Internal quotation marks omitted.)
*Wright* v. *Hutt*, 50 Conn. App. 439, 445, 718 A.2d 969,
cert. denied, 247 Conn. 939, 723 A.2d 320 (1998). On
appellate review, the trial court's rulings will not be
disturbed absent an abuse of discretion. Id. "In
determining whether there has been an abuse of discre-
tion, the ultimate issue is whether the court could rea-
sonably conclude as it did." (Internal quotation marks
omitted.) *Berry* v. *Loiseau*, 223 Conn. 786, 800, 614 A.2d
414 (1992).

Section 47-30 provides in relevant part: "If the plain-
tiff elects to have the title confirmed in the defendant
. . . *the court shall ascertain what sum ought in
equity to be paid to the plaintiff by the defendant
. . . .*" (Emphasis added.) Under § 47-30, attorney's
fees can be awarded by the trial court if the trial court
ascertains that the award of attorney's fees is equitable.
As we stated previously, equity does not necessarily
mean full compensation to the plaintiffs.

During the December 3, 1996 hearing, the plaintiffs
requested payment for attorney's fees incurred in the
prosecution of the action. In its memorandum of deci-
sion dated September 11, 1997, the trial court stated:
"The court has previously found that the Fantarellas
did not act with any intent to deprive the Krasowskis
of their property. In fact, when they purchased the
property, they engaged the services of an attorney as
well as having the record title examined by a qualified
title examiner who led them to believe that they were
the true owners of the subject property. . . . With this
in mind, the court makes no award of attorney's fees."

Subsequently, on December 1, 1997, the trial court denied the plaintiffs' October 1, 1997 motion to reconsider. On the same day, however, the trial court granted the plaintiffs' June 20, 1996 motion for order requesting cost and fees pursuant to Practice Book § 13-25.

The trial court reasonably could have concluded that it would not be equitable under the circumstances to award attorney's fees to the plaintiffs. We conclude that the trial court did not abuse its discretion in denying the plaintiffs' request for attorney's fees in the prosecution of the action to quiet title.

On the cross appeal, the judgment is reversed only as to the denial of use and occupancy payments to the plaintiffs and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.