[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #122
On May 6, 1999 the jury rendered a verdict for the plaintiff, after trial. The plaintiff's attorney seeks $4,360 in attorney's fees pursuant to Connecticut Practice Book § 13-25 in connection with proving the defendant's liability. The fees were incurred for legal services rendered to prove liability after the defendant denied liability in Requests for Admissions. These services included counsel's preparation for and attendance at a deposition and the necessity to locate a fact witness. The court finds that the evidence presented at trial and the defendant's concession of liability in closing argument demonstrated that the defendant's failure to admit liability was unreasonable.
The defendant argues that Connecticut General Statutes §52-257 (a)(3) provides that fees in civil actions shall not exceed "two hundred dollars." These fees are allowed "by way of indemnity."
Indemnity is defined in Webster's third New International Dictionary (1976) as follows:
 1. a-security or protection against hurt or loss or damage;
b-exemption from incurred penalties or liabilities;
 2. to make compensation to for incurred loss or damage.
The words "by way of indemnity" do not appear in Connecticut Practice Book § 13-25 and therefore do not limit or apply to the amount recoverable for reasonable attorney's fees. The meaning of indemnity — "to make compensation for" — cannot be taken literally when applied to a civil jury award of damages far in excess of $200.
In addition, the language of § 13-25 does not refer to Connecticut General Statutes § 52-257. If the intent was to limit attorney's fees to $200 or less, the language could have been included. Instead, it leaves the decision to the judicial authority which shall make the order unless it finds that such failure to admit was reasonable. It is clear that the court can award reasonable attorney's fees to sanction the defendant for failing to be truthful under oath. See Kraskowski v. Fantarella,51 Conn. App. 186, 194-95, 720 A.2d 1123 (1998) CT Page 11363
The defendant's failure to admit liability caused unnecessary inconvenience to the jurors and wasted judicial time.
Accordingly, the court grants the plaintiff's motion and, based on the representations made by counsel at the hearing, awards reasonable attorneys fees in the amount of $4,360.
Sandra Vilardi Leheny, J.