[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The Plaintiff, Professional Arts Group, is the owner of property located at 348-352 Orange Street, New Haven.
The parcel consists of approximately .13 acres, and is situated in a Planned Development District (PDD), created in 1973 as part of a renewal effort.
In 1976, two freestanding town houses, built in approximately 1880, were connected, and converted into a single structure suitable for retail and office space.
The structure consists of four floors, with a brick and stucco exterior.
The property is presently used for professional offices, a permitted use within the applicable Planned Development District.
The only occupant is the law firm of Jacobs, Grudberg, Belt and Dow.
Situated one and one-half blocks from Exit 3 of Interstate 91, the location provides convenient access to both I-91 and I-95.
The building is in downtown New Haven, on the outskirts of the central business district, and within walking distance of judicial and municipal facilities.
Although the site has no on-site parking available for tenants and clients, two parking garages, located on George Street and Audubon Street, are in the immediate area. CT Page 3400
Professional Arts Group brings this appeal, pursuant to § 12-117 of the General Statutes, challenging the assessed value of the property on the New Haven Grand List of October 1, 2001, effective July 1, 2002.
The City of New Haven, based upon an assessed value of $1,368,200, assessed the property for purposes of taxation at $957,740.
The assessment is broken down into $62,230 for the land, and $895,510 attributable to the improvements.
After filing a timely appeal with the Defendant New Haven Board of Assessment Appeals, the Plaintiff was notified, pursuant to the provisions of § 12-111[1] of the General Statutes, that the board had elected not to hold a hearing concerning the challenge to the assessment.
This appeal was subsequently instituted, and brought directly to the Superior Court.
Therefore, in light of the statutorily-authorized lateral to this court, the parties do not have the benefit of a hearing before the New Haven Board of Assessment Appeals, where the city's assessment might have been scrutinized, and adjusted.
Testimony at trial was limited to real estate appraisers, who had been engaged by each of the parties.
Both appraisers used the sales comparison approach, as well as the income approach, in arriving at an opinion concerning the value of 348-352 Orange Street on October 1, 2001.
Mark Nadeau, a real estate appraiser engaged by the Plaintiff, stated that the fair market value of the property, as of October 1, 2002, was $920,000. (Exhibit 1, p. 58-59).
Albert W. Franke III, who testified on behalf of the Defendant City of New Haven, argued for a value of $1,260,000, a figure he believed was justified under both the sales comparison and income approaches.
 AGGRIEVEMENT
In an appeal brought pursuant to § 12-117a of the General Statutes, the taxpayer has the initial burden of establishing two things: 1) that it has been aggrieved by the assessment appealed from, CT Page 3401 and 2) if aggrievement is demonstrated, what the value of the property was on the date of the assessment. Konover v. Town of West Hartford,242 Conn. 727, 734-35 (1997).
The Plaintiff must prove, by a fair preponderance of the evidence, that the property has been overassessed. Gorin's, Inc. v. Board of TaxReview, 178 Conn. 606, 608 (1979); Chapman v. Ellington, 33 Conn. App. 270,280 (1993).
It is not necessary for a taxpayer to prove that the assessment is unreasonable or discriminatory in order to support a finding of aggrievement. Mere overvaluation is sufficient to justify redress by a reviewing court. Newbury Commons Limited Partnership v. Stamford,226 Conn. 92, 203-04 (1993).
In this case, both of the expert appraisers testified that the value of the property on October 1, 2001 was considerably less than the value placed on the property by the City of New Haven.
The city's own appraiser places the value of 348-352 Orange Street at $100,000 less than the value assessed by New Haven.
No effort was made to defend, justify or explain the assessed or appraised value which prompted this appeal.
It is therefore found, based upon the uncontradicted testimony at trial, that 348-352 Orange Street, New Haven, was overassessed, and the Plaintiff, Professional Arts Group, is aggrieved by the assessment from which this appeal arises.
 STANDARD OF REVIEW
In an appeal brought pursuant to § 12-117a of the General Statutes, the trial court tries the issue of value de novo. Xerox Corp.v. Board of Tax Review, 240 Conn. 192, 204 (1997).
The trial court must arrive at its own opinion as to the value of the property, after weighing the opinions of the appraisers, and the claims of the parties, in light of all of the circumstances in evidence bearing upon value. O'Brien v. Board of Tax Review, 169 Conn. 129, 136 (1975);Esposito v. Commissioner of Transportation, 167 Conn. 439, 441 (1974).
The credibility of the appraisers, and the credit to be accorded to their testimony, necessarily involves the fact finding function committed to the trial court, as the trier of fact. Newbury Commons LimitedCT Page 3402Partnership v. Stamford, supra, 99; Midway Green Corporation v. Board ofTax Review, 8 Conn. App. 440, 443 (1986).
The trial court has the power to correct an erroneous valuation, if it finds that the property in question has been overvalued. Hutensky v.Avon, 163 Conn. 433, 437 (1972).
THE SALES COMPARISON APPROACH IS THE PREFERABLE APPROACH BASED ON THE FACTS AND CIRCUMSTANCES PRESENTED
It is generally agreed, that the fair market value of real property is best ascertained, by reference to market sales. Uniroyal, Inc. v. Boardof Tax Review, 174 Conn. 380, 387 (1978); Federated Department Stores,Inc. v. Board of Tax Review, 162 Conn. 77, 78 (1971).
However, consideration should be given to an alternative method of valuation, if it has been utilized in arriving at the value of the property. Sibley v. Middlefield, 143 Conn. 100, 107 (1956); New HavenWater Co. v. Board of Tax Review, 166 Conn. 232, 236 (1974)
In this case, both appraisers resorted to both the comparable sales approach, and the income approach.
In formulating his market sales approach, Mark Nadeau utilized five properties he believed to be comparable to the subject property, after adjustments.
Three of the parcels, 1 Whitney Avenue, 119 Whitney Avenue, and 436 Orange Street, were also utilized by Albert W. Franke III in his analysis.
Both viewed the continued use of the property for professional office use, as the highest and best use of the property.
In both appraisals, sales data was analyzed, and an adjusted value per square foot of the properties was computed (Exhibit 1, p. 49; Exhibit B, p. 15).
In making his final calculations, Nadeau multiplied his average square foot value, $50 per square foot, by 18,311 square feet, which he found to be the available square footage for 348-352 Orange Street.
Franke utilized a figure of $65 per square foot, based on adjustments, and multiplied by 19,377 square feet, the exterior dimensions of the premises. CT Page 3403
It should be noted that the two "comparables" utilized by Nadeau but not utilized by Franke, 135 Orange Street and 205 Whitney Avenue, have a dramatic impact upon the value per square foot computed by Nadeau.
205 Whitney Avenue yielded an adjusted value per square foot of $46.98, while 135 Orange Street yielded a $35.20 per square foot figure.
If both are excluded from the calculations, Nadeau is left with an adjusted square foot average of approximately $59 per square foot.
With both appraisers, the income approach substantiated the results of the market sales analysis, and produced little deviation in the final figure.
However, based on the circumstances presented, the income approach presents numerous variables, and the court does not give that approach the weight it accords the market sales analysis.
The property in question is owned by Professional Arts Group, and is leased to the law firm of Jacobs, Grudberg, Belt and Dow, the buildings' only tenant.
The law firm occupies the entire building, and pays rents for its use of the second, third and fourth floors to an entity known as Quare ClausmFregit.
During 2001, Quare Clausm Fregit paid to Professional Arts Group the sum of $13,250.
The first floor of the building is leased by the law firm directly from Professional Arts Group.
The annual rent is $54,451, which translates into $9.51 per square foot.
This intricate arrangement of entangling alliances makes it difficult to determine whether the property is providing the maximum possible income, and what the maximum income would be.
Both appraisers recognized that the rental payments were not based upon arms-length rental agreements.
Therefore, each struggled with a wide range of price per square CT Page 3404 foot possibilities.
Nadeau settled upon a figure of $12 per square foot, based upon a range between $8.50 and $15 per square foot.
Franke, in his analysis, proposed a $14 per square foot figure, based upon an average of between $12 and $17 per square foot.
The income approach is most effective, if there are accurate figures for the property in question, over a period of years. Somers v. Meriden,119 Conn. 5, 12 (1934).
Although information was available for 1999, 2000 and 2001, the fact that the lease arrangements are between related entities impacts the findings.
Therefore, resort to data compiled from other properties, involving lease agreements believed to be between arms-length landlords and tenants, must be used, without a reliable basis for comparison with the property in question.
The court concludes that the income approach, given the unique circumstances of the leases applicable to 348-352 Orange Street, is not as reliable as the market sales comparison approach.
 FINDINGS AND CONCLUSIONS
The court believes, based on the sales comparison analysis performed by both appraisers, that a value of $60 per square foot should be utilized, concerning the subject property.
The square footage figure utilized by Nadeau, 18,311 square feet, represents a more realistic assessment of the rentable space at 348-352 Orange Street, then does the Franke figure, which was based on the exterior dimensions of the property.
IT IS FOUND, that the fair market value of 348-352 Orange Street, New Haven, as of October 1, 2001, is $1,098,660.
IT IS FOUND, that the assessed valuation of 348-352 Orange Street, based upon 70 percent of fair market value, is $769,062.
IT IS FOUND, that the Plaintiff, Professional Arts Group, is entitled to reimbursement by the City of New Haven for any overpayment of taxes based upon the Grand List of October 1, 2001. CT Page 3405
IT IS FOUND that the Plaintiff should recover from the Defendant City of New Haven, pursuant to § 37-3a of the General Statutes, interest at the rate of 10 percent, on all overpayments made.
Judgment may enter in favor of the Plaintiff, Professional Arts Group, plus interest accrued to date and costs of this action, upon receipt of a motion filed in accordance with § 12-117a of the General Statutes, requesting relief to which it is entitled.
The Plaintiff's appeal, is SUSTAINED.
Radcliffe, J.